OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion and supporting papers, the plaintiff moves for an order, pursuant to CPLR 3124, compelling the witness supplied by the defendant to answer questions posed *851 to her during an examination before trial, which questions deal with what was discussed and considered by her and other members of the defendant’s Business Department’s Committee on Appointments, Promotions and Tenure (CAPTS), awarding plaintiff his costs and attorneys’ fees incurred in connection with this motion and for a further order allowing the redeposing of the witness.
The plaintiff was first employed for a term of three years by the defendant on February 1, 1981 as an assistant professor of business. The complaint in this action, sounding in breach of contract, claims that the defendant violated the plaintiff’s contractual rights when it refused to reappoint him to its faculty. The contract relied upon by the plaintiff is the "Skid-more College Faculty Handbook”, and it is alleged that the defendant repeatedly violated the provisions of the contract. Most germane to this motion is the alleged procedural and substantive errors committed by the defendant’s CAPTS. The defendant’s CAPTS first twice evaluated the plaintiff and found him worthy of reappointment. Nevertheless, he was denied reappointment by the Dean. On February 18, 1987, Betty V. Belevic, a faculty member and a CAPTS committee member, appeared for an examination before trial. Citing privilege, the defendant’s attorney directed the witness not to answer any questions relating to the deliberations of the CAPTS, discussions had by committee members, or statements made by committee members. This motion to compel followed.
In deciding this motion, the court is disinclined to allow discovery of the deliberations and conversations of the Skid-more CAPTS without extraordinary cause. Should the deliberations of such a committee which considers tenure and reappointment become open to review by disgruntled faculty members, Skidmore, and colleges in general, would have great difficulties in finding faculty members to serve on such committees. Those who would be willing to serve would be guarded in their deliberations.
This case contains no compelling need to open the deliberations of the CAPTS to the plaintiff. On each occasion CAPTS considered the plaintiff and recommended him for appointment, following which plaintiff was denied appointment by the Dean. The plaintiff’s grievance appears to be with someone other than the committee members.
*852 Under the circumstances presented, the court will not require Ms. Belevic or other faculty members on the CAPTS to disclose deliberations of the CAPTS — deliberations which appear to be unconnected with the ultimate decision to deny the plaintiff reappointment. The remainder of the motion is also denied.